IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DALLAS WILLIAMS | : | |
| | : | |
| v. | : | CIVIL NO. CCB-14-3274 |
| | : | Criminal No. CCB-10-0546 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Dallas Williams pled guilty to possession of a firearm and ammunition after having been convicted of a crime punishable by more than a year in prison, in violation of 18 U.S.C. § 922(g). On September 26, 2012, he was sentenced to 180 months in the custody of the Bureau of Prisons, that being the minimum mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). His conviction was affirmed on appeal, *United States v. Williams*, 526 F. App'x 312 (4th Cir. June 6, 2013), and the Supreme Court denied certiorari. On October 20, 2014, he filed a timely motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel for failing to raise a sentence error related to application of the ACCA. The motion has been fully briefed. For the reasons stated below, it will be denied.

At trial and on appeal, both counsel argued that the mandatory minimum provision of the ACCA conflicted with the "sufficient but not greater than necessary" clause of 18 U.S.C. § 3553(a). The Fourth Circuit affirmed this court in rejecting that argument, and found no basis for a sentence below the mandatory minimum. *Williams*, 526 F. App'x at 315. Williams now cites to *Johnson v. United States*, 135 S. Ct. 2551 (2015), in claiming that counsel was ineffective for failing to argue that the three prior convictions relied on to enhance his sentence

did not meet the definition of "serious drug offense." The statute defines "serious drug offense" as

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A)(ii). As Williams acknowledges, the government presented certified copies of three state court convictions, two for distribution of cocaine and one for distribution of heroin, for which Williams was represented by counsel.[1] While Williams received concurrent sentences for the two distribution of cocaine convictions, the offenses were separated by an intervening arrest. And, while the sentences he received were less than ten years, the maximum under state law for each offense was twenty years. Md. Code Ann. Crim. Law § 5-608(a).

Because the record establishes that Williams had three prior qualifying serious drug offenses and was properly sentenced to the mandatory minimum under the ACCA, he has no basis for relief. Counsel was not ineffective, and Williams has shown no prejudice.

Accordingly, his motion will be Denied, by a separate Order, and no certificate of appealability will issue.

July 26, 2016  
Date

/S/  
Catherine C. Blake  
United States District Judge

---

[1] The docket numbers from the Baltimore City Circuit Court are 105224081 (PSR ¶ 34); 205290034 (PSR ¶ 36); and 108298057 (PSR ¶ 40).